[No. 9355. Department One. February 16, 1912.]

WENZEL STRUNZ *et al.*, *Appellants*, v. SPOKANE COUNTY, *Respondent.*[1]

HIGHWAYS—ESTABLISHMENT—POWERS OF COUNTY AND TOWNSHIPS —JURISDICTION. Rem. & Bal. Code, § 9368, enlarging the powers of township officers over highways in the township and providing that nothing in the act .shall affect the rights of counties over roads in which the county generally is interested, etc., does not affect the jurisdiction of the county over a county road wholly within the township sought to be established by the county commissioners, under Id., §§ 5623 to 5656; the township not being forced to aid in its construction.

HIGHWAYS—ESTABLISHMENT—APPEAL—REVIEW ON APPEAL. Landowners cannot object to the confirmation of the establishment of a county road because of insufficiency of the county's tender of compensation for land to be taken, which, under Rem. & Bal. Code, §§ 5634, 5635, is not final, the statute providing that, if such tender is not accepted by the landowners, condemnation proceedings must be instituted for the purpose of fixing the damages.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered February 28, 1910, upon

[1]Reported in 121 Pac. 75.

sustaining an order establishing a county road, upon appeal from the board of county commissioners.    Affirmed.

*Belt & Powell,* for appellants.

*John L. Wiley* and *O. J. Saville,* for respondent.

PARKER, J.—The county commissioners of Spokane county established a county road across land belonging to Wenzel Strunz and wife, under proceedings had in pursuance of the law relating to the laying out and opening of county roads, as found in §§ 5623 to 5656 inclusive, Rem. & Bal. Code. From the decision of the county commissioners so establishing the road, Strunz and wife appealed to the superior court for Spokane county, and the decision of that court being adverse to them, they have appealed therefrom to this court.

In October, 1908, certain citizens of Spokane county petitioned the county commissioners of that county to establish a county road to be known as the "Starr road," a portion of which road when established would pass over and occupy land belonging to appellants.    The proposed road lies wholly within the boundaries of Newman township, as organized and existing under the laws of the state.    Thereafter, and prior to March 3, 1909, a considerable portion of the right of way for the road was secured by the county commissioners, by donation and otherwise, and there was also pledged by subscription a considerable amount of money and work to aid in the construction of the road.    On March 3, 1909, there had been enacted, and that day approved by the governor, certain amendments to the township government law, one of which enlarged the powers and duties of township supervisors relative to the establishment of highways, as follows:

"The supervisors shall have charge of such affairs of the town as are not by law committed to other town officers; and they shall have power to draw orders on the town treasurer for the disbursement of such sums as may be necessary for the purpose of defraying the incidental expenses of the town,

and for all moneys raised by the town to be disbursed for any other purpose. They shall have charge of all highways and bridges in their respective townships, and the care and supervision thereof; and shall have power to divide their respective townships into road districts and to appoint one resident elector of each road district as overseer thereof for the first year of township organization; to establish new highways and bridges, and to vacate or alter highways and bridges wholly within the township: Provided, nothing in this title contained shall be construed as prohibiting any county from or denying to any county the power to build, repair, alter and maintain at the county's expense such highways and bridges as the county generally is interested in, or such as may be of so large cost that a single township could not undertake the construction of, or such as are located in sparsely settled townships as are unable to construct the same." Rem. & Bal. Code, § 9368; Laws of 1909, p. 76, § 4.

But for these powers conferred upon township supervisors, there would be no question of the power and jurisdiction of the county commissioners to establish this road. The matter appears to have been pending before the county commissioners and continued from time to time, both prior to and after the going into effect of this law of 1909. The formal notice of the hearing upon the petition for the establishment of the road before the county commissioners, as provided by Rem. & Bal. Code, § 5633, seems not to have been given until after the going into effect of the 1909 law. That notice having been duly given, in pursuance thereof the county commissioners, on September 7, 1909, heard and determined the question of the establishment of the road, appellants being present and participating in that hearing, when the commissioners rendered and recorded their decision finally establishing the road, over the objections of the appellants. The commissioners awarded to appellants $150 damages for the right of way for the road across their land, and caused that sum to be tendered to them, which they declined to accept. From this disposition of the matter, appellants gave notice of their appeal to the superior court for Spokane

county, and upon the decision of that court being rendered adverse to them, they appealed to this court.

It is first contended that the superior court erroneously affirmed the action of the county commissioners because they did not have jurisdiction to establish a road of this nature after the passage of the law of 1909, the argument being, that, by the terms of that law, the establishment of such a road became a matter exclusively within the jurisdiction of the supervisors of the township. We are not able to agree with this contention. While the law of 1909 seems to enlarge the powers of township supervisors relative to establishing highways, its proviso, we think, clearly shows that the powers of the county commissioners relative to establishing county highways wholly within townships is not lessened thereby.

Some contention is made that to permit the county commissioners to establish this road is to allow them to interfere with matters of local concern belonging to the township and its people, and will result in burdening the township against the will of its people. We are not able to see how the acts of the county commissioners in this regard can result in forcing the township to assume any burden that it does not desire to assume. We are not advised of any law that assumes to give to the county commissioners power to compel the township to pay any money, either towards the establishment, construction, or maintenance of this road, against its will. Counsel for appellant call our attention to a minute made in the record of the county commissioners on July 9, 1909, as follows: "Mr. West and Mr. Taylor appeared in regard to the Strunz road, the board declared it was up to the township officers to take charge of it." This it is argued indicates that the county commissioners expect the township to aid in maintaining the road. But this, to our minds, does not even constitute a threat on the part of the county commissioners to burden the township against its will. We are quite unable to understand how it could in

the least menace the rights of the township or its people, whatever thought the commissioners intended to express thereby. It will be noticed that this occurred long before the matter was disposed of, and it might well be argued that it only had reference to the township officers doing something towards assisting the county to bring about the establishment of the road. It seems to us, that, from the very fact that the county commissioners are assuming to establish this road, we must assume that it is to become such a road as it is contemplated by the proviso of the 1909 law above quoted, is within their jurisdiction to establish. As long as the township is not forced against its will to aid with its funds in the establishment, construction, or maintenance of the road, neither it, nor any of its citizens in its behalf, can complain of the county's efforts to establish it. We are of the opinion that the county commissioners had jurisdiction of the matter and that the learned superior court was not in error in so holding.

At the hearing before the superior court appellants sought to introduce evidence for the purpose of showing the inadequacy of the award made to them by the county commissioners, which evidence the court declined to receive. This is claimed to be error. There might be some reason in such contention, if the commissioners' decision as to the amount of their award to appellants as damages for the county acquiring the right of way over their land, was a final decision upon that question; but a very casual reading of Rem. & Bal. Code, §§ 5634 and 5635, will show that such determination is only for the purpose of fixing an amount which the commissioners decide to tender to appellants. Appellants may accept it or decline it as they choose. They cannot complain because the tender is less than they deem adequate compensation for their land. If they reject it, then condemnation proceedings are to follow against them; and until their land is acquired by condemnation in a proceeding instituted for that purpose in the superior court, it cannot be

taken from them.    We think the learned trial court was not in error in rejecting evidence upon that question.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, and FULLERTON, JJ., concur.